UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARGERE MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11-CV-1746 (CEJ) |
| | ) | |
| HAWTHORNE CHILDREN'S | ) | |
| PSYCHIATRIC HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for appointment of counsel. "[A] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel for an indigent litigant, the Court considers several factors: (1) whether plaintiff has presented non-frivolous allegations supporting her prayer for relief; (2) whether plaintiff would substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* Plaintiff alleges that the defendant refused to accommodate her need to use an oxygen tank while at work. In considering the plaintiff's claim in light of the relevant factors discussed above, it does not appear that the factual and

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **denied without prejudice**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of May, 2012.