UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARGERE MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1746 (CEJ) |
| ) | |
| HAWTHORNE CHILDREN'S ) | |
| PSYCHIATRIC HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, for a more definite statement. Plaintiff has not responded to defendant's motion. Also before the Court are plaintiff's motions for damages, access to discoverable information, and to compel discovery. Finally, the parties have jointly moved for the appointment of a pro bono mediator.

Plaintiff claims that defendant, her former employer, failed to accommodate her disability as required by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*. Plaintiff alleges that defendant would not allow her to keep her oxygen tank in the hospital unit in which she worked. After filing her complaint *pro se*, plaintiff filed an amended complaint and a correction to the amended complaint. These documents do not reallege the claims set forth in the original complaint. Instead, they state that plaintiff wishes to include in her complaint "documentary evidence issued by the Equal Employment Opportunity Commission [EEOC]."

Defendant has moved to dismiss, because plaintiff did not reallege her claims in her amended complaint. Defendant argues that plaintiff's claims should be deemed abandoned, because an amended complaint supercedes an original complaint. In re

Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005). In the alternative, defendant moves for a more definite statement to clarify plaintiff's amended complaint.

"Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Construed liberally, plaintiff's "amended complaint" was meant to incorporate the allegations from the original complaint. Therefore, the Court will deny defendant's motion to dismiss. In lieu of granting defendant's alternative motion for a more definite statement, the Court will require plaintiff to file an amended complaint which fully alleges all of her claims and complies with the Federal Rules of Civil Procedure.

Plaintiff has filed motions for "relief for damages," "access to discoverable information," and a "motion on interrogatories" which the Court interprets as a motion to compel. Plaintiff's motion for damages is denied, because a demand for damages should not be filed separately with the Court, but should be included in the corrected amended complaint that plaintiff must file. Furthermore, plaintiff's motion for "access to discoverable information" is denied, because discovery requests should not be filed with the Court. Finally, plaintiff's motion to compel is denied, because as defendant informed the Court, plaintiff filed her motion prematurely before attempting to confer with defendant and before receiving defendant's responses, which were sent in a timely manner.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss, or, in the alternative, for a more definite statement [Doc. # 25] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint that complies with the Federal Rules of Civil Procedure by **January 31, 2013**. The amended complaint must bear the title **"Second Amended Complaint"** and must contain all of the claims that plaintiff wishes to assert in this case. Plaintiff is advised that she will not be permitted to assert any claim that is not contained in the Second Amended Complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for damages [Doc. # 29] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for access to discoverable information [Doc. # 30] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [Doc. # 46] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties' joint motion to appoint a pro bono neutral [Doc. # 35] is **DENIED** as moot.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of January, 2013.