UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARGERE MORGAN,                          )
                                         )
         Plaintiff,                      )
                                         )
    vs.                                  )         Case No. 4:11-CV-1746 (CEJ)
                                         )
HAWTHORNE CHILDREN'S PSYCHIATRIC )
HOSPITAL,                                )
                                         )
         Defendant.                      )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for judgment as a matter of law and judgment notwithstanding the verdict pursuant to Fed.R.Civ.P. 50, or, in the alternative, for a new trial pursuant fo Fed.R.Civ.P. 59.  Defendant has responded in opposition and the issues are fully briefed.

## I.    Background

Plaintiff brought this action against her former employer, defendant Hawthorne Children's Psychiatric Hospital, alleging violations of the Americans with Disabilities Act (ADA) of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, *et seq.*  She claimed that defendant terminated her employment because of her medical condition of pulmonary fibrosis, and that defendant failed to provide her with a reasonable accommodation to allow her to continue to perform her job as a Psychiatric Aide at the hospital.  On June 25, 2014, a jury unanimously found in favor of the defendant on all counts.  Plaintiff now moves to set aside that verdict.

## II.    Legal Standard

Pursuant to Fed.R.Civ.P. 50(b), a party that has previously moved for judgment as a matter of law may renew that motion no later than 28 days after the entry of judgment. "In the matter of a renewed [motion for judgment as a matter of law], a court must affirm the jury's verdict unless, in viewing the evidence in the light most favorable to the prevailing party, the court concludes that a reasonable jury could not have found for that party." Hite v. Vermeer Mfg. Co., 446 F.3d 858, 865 (8th Cir. 2006) (citation omitted). "Additionally, the court considers all evidence in the record without weighing credibility, and makes reasonable inferences and resolves conflicts in favor of the non-moving party." Id.

Rule 50(b) allows the party moving for judgment notwithstanding the verdict to move, in the alternative or jointly, for a new trial under Fed.R.Civ.P. 59. Rule 59 "confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996). "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." Id. "In determining whether a verdict is against the weight of the evidence, the trial court can rely on its own reading of the evidence - it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." Harris v. Sec'y U.S. Dep't of Army, 119 F.3d 1313, 1318 (8th Cir. 1997) (quotations and citation omitted). The district court, however, may not "reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." Id.

III.  Discussion

Plaintiff presents three arguments for setting aside the jury's verdict in favor of the defendant.  First, she argues that the Court erred in admitting Exhibit BB, a copy of plaintiff's time sheet, into evidence over plaintiff's objection.  Second, she claims the Court erred in excluding Exhibit 23, the file prepared by the Equal Employment Opportunity Commission (EEOC) in its investigation of plaintiff's charge of discrimination.  Finally, plaintiff argues that the jury's verdict was against the weight of the evidence.  The Court will address each argument in turn.

1.    **Admission of Exhibit BB**

At trial, plaintiff testified that she met with Marcia Ford, defendant's Chief Operating Officer, on July 21, 2008, to discuss possible accommodations for her disability.  She testified that she requested leave to bring her oxygen tank to work and store it in a staff-only area, as she had been doing prior to the meeting with Ford.  On July 22, 2008, plaintiff's doctor wrote a note at plaintiff's request, stating that plaintiff required a light duty job.  At trial, defendant introduced Exhibit BB, a copy of plaintiff's time sheet, for impeachment purposes, to show that the meeting with Ford occurred on July 23, not on July 21.  Defendant used that document to suggest to the jury that plaintiff required a more drastic accommodation than being allowed to bring her oxygen to work, and that she in fact required a desk job.

Plaintiff argues the Court erred in admitting Exhibit BB into evidence, because defendant did not produce that document in discovery.  However, because Exhibit BB was admitted for impeachment purposes, defendant was not required to produce that document in its Rule 26 disclosures.  See Fed.R.Civ.P. 26(a)(1)(A)(ii).  Moreover, as defendant points out, many other exhibits admitted at trial suggested that the meeting

between plaintiff and Ford occurred on July 23, not July 21.  Accordingly, even if Exhibit BB was admitted in error, plaintiff cannot show prejudice.

2.    **Failure to Admit Exhibit 23**

Plaintiff argues that the Court erred in excluding Exhibit 23, the EEOC file in plaintiff's administrative case.  The Eighth Circuit has held that, "in an employment discrimination case the admission of administrative findings, such as an EEOC reasonable cause determination, is to be left to the sound discretion of the trial court." Johnson v. Yellow Freight Sys., Inc., 734 F.2d 1304, 1309 (8th Cir. 1984), *cert. denied*, 469 U.S. 1041 (1984).  The Eighth Circuit acknowledged that the probative value of EEOC reports may be outweighed by problems such as the danger of unfair prejudice to the defendant and "the hearsay nature of the EEOC report and… the inability of the defendant to cross-examine the report in the same way that a party can cross-examine an adverse witness."  Id.  In this case, the Court properly excluded the report because it contained hearsay and opinion testimony, and because its probative value was outweighed by the risk of prejudice to the defendant.  Plaintiff is not entitled to relief on this ground.

3.    **Verdict Supported by the Weight of the Evidence**

Plaintiff argues that the weight of the evidence established that defendant terminated her employment due to her pulmonary fibrosis, denied her reasonable accommodation, and constructively discharged her from her employment. Plaintiff has failed to meet the standard required for a new trial.  Defendant presented sufficient evidence at trial to show that plaintiff chose to resign from her position and apply for long-term disability benefits, and that defendant attempted to accommodate plaintiff. The evidence presented at trial was sufficient to support the jury's verdict.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for judgment as a matter of law, judgment notwithstanding the verdict, and a new trial [Doc. #145] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2014.